McKinney, J.,
delivered the opinion of the Court.
The plaintiffs moved for judgment in the Court below, against Boyd, the Sheriff of Coffee county, and his sureties, for an insufficient return of an ' execution. The motion was refused.
It appears that an execution in favor of the plaintiffs, against J. D. Smith, and four others, for $138 39, issued from the office of the Circuit Court of Coffee on the 26th day of September, 1857, returnable to the *206 ensuing term of said Court, on tlie fourth Monday of October, being the 26th • day of the month. The execution was placed in • the sheriff’s hands on the day it was issued, and it was returned with the following endorsements thereon: “ Levied the within on ■ one roan horse, one two horse wagon, forty head of sheep, one bureau, and one clock, as the property of J. D. Smith, Oct. 20th, 1857.
E. M. Boyd, Sheriff.”
“ Returned for want of time to advertise and sell, Oct. 26, 1857. E. M. Boyd, Sheriff”
It is argued for the plaintiffs, that this is not such a “ due and proper return, or sufficient return,” as is contemplated and required by the statute; and so we think.
In the execution of process, the sheriff is bound to reasonable diligence. To fulfil the requirement of the statute, the return ought, upon its face, to show either that the mandate of the writ has been obeyed, or the existence of such legal cause as without the imputation of wilful neglect or disregard of official duty on the part of the sheriff, hindered his compliance; 10 Humph., 244; 1 Swan, 307. In Smith vs. Gilmore, 3 Sneed, 481, it is said, that if an execution is received by the sheriff, in time to execute before the return day, he is bound to do so, or to show a sufficient reason for his failure. These principles are decisive of the present case. Here the execution was placed in the sheriff’s hands, full THIRTY days before the return day; and the return, in effect, is, that the money was not made for want of time! The return itself, convicts the sheriff of gross disregard of duty, for which no excuse is shown. It is illusory, *207 a mere attempt at evasion of dutj. As well, almost, have given hack the execution to the clerk, -without any return upon it whatever. Why. did the sheriff delay for twenty-four days, after he received -the execution, and until within six days of its return, before a levy was made? Was there no property of either of the five defendants to he found at an earlier day ? If not, he ought to have stated the fact in his return, as an excuse for his apparent culpable neglect of duty.
This practice of holding up executions, and refusing or neglecting to make a levy, until within so short a time before the return day, as not to allow of a sale, has become so general, as to expose the ministerial officers of the law to the suspicion of favoritism, or of being tampered with in the discharge of their official duty. This cannot be longer tolerated. They must be held to a prompt and vigilant discharge of duty, regardless of consequences.
The case of Rains vs. Childress, 4 Humph., 449, relied on by the defendants counsel, is very different from the present case. In that case, a levy was made on four slaves, twelve days before the return day of the writ, and bond with security, as prescribed by law, “ taken for their delivery in time to have made the money, before the sheriff was- bound to make return; but the property was not delivered on the day of sale. The ground of the motion was, that by making a levy at an earlier day, as could have been done, the sheriff might have made the money. But it was held, that so far as regards the sheriff’s liabilty to a proceeding by motion, he was bound to nothing more than to have the money ready on the return day of the execution, *208 or to show a sufficient legal reason for his failure. And that the facts stated in his return, a levy upon property sufficient, in time to make a sale, taking bond for its delivery, which was forfeited, constituted an adequate legal reason why the money was not made, inasmuch as it was not for the sheriff to anticipate, that the property would not be forthcoming on the day of sale. The simple statement of that case, shows that it wholly fails to sustain the judgment of the Circuit Court in the case under consideration. On the contrary, it establishes rather, that the return in the present case constitutes no sufficient legal reason why the money was not made.
If any sensible interpretation is to be given to the statute, it is clear that the return in this case must be held insufficient. The judgment will be reversed, and the motion allowed.